IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVAINA

Jabril Ivy Nz6224
10745 Route 18
Albion, PA 16475
V.
Defendant,

Williamsport Burea Of Police
6th st & Pine st
Williamsport PA, 17701

and

Lycoming County
48 West Third st
Williamsport, PA 17701

and

J. Beli
Individual and in his offical capacity as
a officer for williamsport bureau of police

and

C. Gardner
Individual and in his offical capacity as
a officer for williamsport bureau of police

and

T. Minier
Individual and in his offical capacity as
a officer for williamsport bureau of police

and

B. Mcgee
Individual and in his offical capacity as
a officer for williamsport bureau of police

4:23cv1442

Jury Trail Demanded

FILED
SCRANTON
AUG 3 0 2023
Per_____
DEPUTY CLERK

and

A. Stevens
Individual and in his offical capacity as
a officer for williamsport bureau of police

and

Synder
Individual and in his offical capacity as
a Chief for williamsport

## Notice To Defend

You have been sued in court if you wish to defend against the claims set forth in the following pages. You must take action within twenty (20) days after this complaint and notice are served by entering a written appearance personally by attorney and filing in writing with the court your defense or objection to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgement maybe entered against you by court without futher notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff you may lose money or property or other rights important to you.

You should take this paper to your lawyer at once. If you do not have lawyer go to or telephone the office set forth below this office can provide you with information about hiring a lawyer if you cannot afford to hire a lawyer this office maybe be able to provide you with information about agencies that may offer legal services to eligible persons at a reduced fee or no fee

Lycoming County Bar Association
25 W. THIRD st, Ste. 803 Williamsport 17701
570 323 8287

## VENUE

This is the proper venue IN THE UNITED STATES DISTRICT COURT FOR MIDDLE DISTRICT OF PENNSLYVAINA  as this matter occured in lycoming county / CENTRE REGION

## JURISDICTION

This court has jurisdiction over this matter pursuant to U.S.C. § 1983 and U.S.C. Title 28, Section 636 (c)(1).

## Civil Action Complaint

1. Plaintiff, Jabril Ivy, is an adult male currently in custody at Pennsylvania Department Of Correction

SCI Albion Inmate Number NZ6224, At all times material herein, Plaintiff was arrested by the willaimsport Bureau of police.

2. Defendant, Willimasport Bureau of Police, Is a Police Department all material here, acted in its offical capacity.

3. Defendant, Synder is a adult individual who at all times material herein acted individual and his offical capacity as chief.

4. Defendant, C. Gardner is an adult individual who at all times material herein, acted individual and his offical capacity as officer

5. Defendant, J. Bell, Is an adult individual who at all tmes material herein, acted individual and his offical capacity as police officer.

6. Defendant, B Mcgee is an adult individual who at all times material herein acted individual and his offical capacity as police officer.

7. Defendant, A. Stevens is an adult individual who at all times material herein acted individual and his offical capacity as police officer.

8. Defendant, Lycoming County is an individual who at all times herein acted individual and govern the affairs of each Defendant and in its individual offical capacity.

## FACTS

9. The above Paragraphs are incorporated herein by reference.

10. On or about October 4, 2018 at 21:24 HRS, Plaintiff was traveling north on Hepburn st at the Hepburn st and Little League BLVD in a sliver KIA Sedan Registration KTJ7009

11. Plaintiff made a right onto 6th and pine Defendant Bell and Gardner activated marked police unit and a traffic stop was initated for headlight and taillight traffic violation, Plaintiff immediately pulled over on the right side of 6th street.

12. Defendant, Bell approached the stopped vehicle driver side while defendant Gardner to passenger of the vehicle.

13. Defendant, Bell and Gardner while proceeding plaintiff vehicle both defendant was flashing there Flashlights into the Plaintiff vehicle.

14. Plaintiff slowly rolled the window down roughly half way, Plaintiff made contact with both defendant automatically recognizing both defendant from a previous encounter both defendant known for there excessive force & other illegal misconducts.

12. Plaintiff kepts his hands visuable and asked the defendant bell to retrieve Plaintiff wallet from out his back pocket.

13. Defendant Bell ok the plaintiff and provided a copy of the plaintiff driver license and vehicle documents

Defendant Bell placed the items on top of the roof of the vehicle and said something unknown to defendant Gardner.

14. Defendant Gardner without no probable cause or reasonable suspicion attempted to open the defendant front passenger side door that was already locked, defendant Bell order the plaintiff to open and exit the vehicle.

15. Plaintiff scared and suspicous as to why the defendant didnt follow protocal and run the information previously accommandated by the plaintiff in result the plaintiff immediately rolled the window up for his safety and left approximately 2 inches open. Plaintiff asked the defendants what was the problem plaintiff excused both defendant of harrassment this have been repeated patterning from these defendant, Plaintiff requested sergent to handle the order at hand.

16. Defendant Gardner attempted to bust out the passenger side windows of the plaintiff car with a flashlight plaintiff was caught off guard shocked from the defendant actions and was unexpected and plaintiff knowing that the defendant wasnt following proper procedure.

17. Plaintiff was waiting patiently for a sergent, not posing any kind of threat to either of the defendant plaintiff hands was visuable at all times, Defendant Bell deployed his OC spray through the window directly into the plaintiff face. (This is on Police dash camera)

18. Plaintiff was immediately put into shock and fearing for his life knowing both defendant are known for there excessive force, Plaintiff immediately placed the car in drive and fled the scene .

19. Plaintiff made a quick detour, Defendant Minier was in pursuit of plaintiff the whole time , Do to the impact of the oc spray plaintiff vision was effected by Oc spray couldnt travel far soon as the plaintiff seen people exiting there houses do to the commotion plaintiff felt safe and immediately pulled over and surrender and placed his hands in the air.

20. Defendant Steven and Bell along with Gardner and believed to be Minier exit they marked police units and proceeded over to the plaintiff and immediately and physically took the plaintiff to the ground who already surrender with his hands in the air.

21. Defendant Gardner Placed his knee on the plaintiff neck and applied his body weight, Believed to be Defendant Stevens sat on the plaintiff legs and defendant Bell placed the plaintiff in handcuff from behind. (This is on Police dash camera)

22. Plaintiff was excorted to a marked police vehicle back seat, before a search was commenced in the area, All the previous name officers stood around talking amongst each other as if they was planning to do something unknown. Defendant Gardner &

Bell are known for there illegal misconducts excessive force and planting drugs.

23. During the search defendant Gardner alledged he found drugs in a parking lot of a timeless furniture store defendant gardner bagged and tagged the narcotic.(Plaintiff request for defendant Minier dash camera who was in pursuit this evidence was never provided)

24. Plaintiff was transported by the defendant Bell & Gardner to williamsport Burea of police station for processing, Plaintiff rode in silence nonconfrontational.(This is on Police dash camera)

25. Defendant Bell pulled into the WBP parking spot defendant bell open the door so the plaintiff could exit the vehicle. Defendant Gardner grabbed the plaintiff by the arm aggressively and started manhandling the plaintiff. defendant gardner directed the plaintiff to a unknown area which wasnt inside williamsport burea of police

26. (OUT OF CAMERA VIEW) Plaintiff not resisting and complying with all order was unexpectedly pushed from behind by defendant Gardner causing the plaintiff to fall ackwardly to the ground hitting the right side of the plaintiff head on the ground.

27. Plaintiff now injured and in need of medical attention in and out of consciousness was not help or treated by the defendant for the plaintiff injuries, instead both thought the need to apply more harm to the plaintiff.

28. As the defendant started pulling the plaintiff on the ground defendant stevens arrived to the location where active assault is in mist and defendant stevens did nothing to stop either defendant or protect the plaintiff from further injuriies instead defendant steven stated yalled started the party without me like these events was planned and well thought out.

29. Both defendant Gardner along with Bell dragged the plaintiff by his shirt defenseless plaintiff handcuff from behind unable to protect himself or sheild himself both defendant ripped the plaintiff shirt completely off his body Plaintiff is bleeding from multiple areas including head,shoulder,leg,elbow.

30. Plaintiff is completely unconscious from previous encounter just suffered defendant Gardener order the plaintiff to stand-up unable to do so from injuries, defendant gardner asked defendant bell for his taser and defendant gardner deployed his taser into the plaintiff 5 times. Plaitniff almost immediately goes into shock from the impact of the taser.

31. All the defendant disregarded the plaintiff injuries and didnt render no aid in which the plaintiff was in need from serious medical need plaintiff hit his head multiple times bleeding from multiple area and all defendant neglected the plaintiff medical needs

32. Defendant gardner gave plaintiff verbal command to stand once again with prongs still deployed into the Plaintiff Body. Defendant Gardner Removed OC spray out of his Holster pointing it in the direction of the plaintiff.

. Plaintiff continue to be unconscious, Plaintiff was unable to move do to the severity of the injuries when the plaintiff would not respond to the defendant orders after just being tased (5) OC sprayed was deployed in the plaintiff face dragged on the cemet. Plaintiff was unable to move defendant Gardner along Bell, stevens together grabbed a hold of the plaintiff by shirt,legs, and handcuffs causing the cuffs to tighten cutting off all circulation to the plaintiff hand causing the plaintiff hand to immediately swell.

33. Dendants previous named carried plaintiff into wbp procressing center and cuffed the plaintiff to a rail connected to a bench. and left the plaintiff on the ground unconscious either of the defendant render the plaintiff and type of aide.

34. Plaintiff was denied medical the whole duration of the accident it took medic (45) mintues after the defendant was brought into WBP and handcuff each defendant was well aware of the plaintiff injuries plaintiff was bleeding from multiple areas and was knocked unconscious.

35. Plaintiff was transported to williamsport Regional medical center emergency room and treated for his injuries

36. Upon information and belief Plaintiff was treated and discharged with the following injuries **Head: left temple laceration of the upper aspect of the left temple. left parietal scalp hematoma and mild right malar soft tissue swelling with large abrasion tusion. 2. Extremities: Left shoulder Large abrasion & contusion and to the elbow. 3. Mild tenderness in the right mid tenderness in the right & left mid cervical area, right and left mid thoraclc area and right and left mid lumbar area. 4. Concusion 5. fracture wrist**

37. Plaintiff was transported back to the WBP processing where bail was set at 200,000 nebi hold plaintiff was charged with 3 counts: manufacting & attempt to deliver 3 counts: of possession 2 counts: resisting arrest 1 count of fleeing aluding 1: escape 2: counts of tampering with evidence 1: count aggrevated assault 1: simple assault  Multiple traffic violations

38. Plaintiff was transported to lycoming county jail where plaintiff took picture at admission & processing of all the plaintiff injuries. Plaintiff also signed wavier and release form williamsport regional medical center.

39. Plaintiff posted bail 75,000 after bail deduction Plaintiff returned back to williamsport burea of police for property and made a complaint against officer/ defendant in this matters.

40. Plaintiff made multiple phone calls to this department concerning this complaint that was filed and was rejected every time.

41. Plaintiff hired defense attorney robert gamburg to handle defend the plaintiff in this matter.

42. On august 21, 2021 Plaintiff was sentence to 1: count of simple assult 2: counts of resisting arrest 3: 1 counts of fleeing and aluding. 4. 1 count manufacting & and attempt to deliver. Plaintiff was

sentence to a total of 60 to 120 months. All other charges was demissed

43. Plaintiff in this matter has extreme mental health issues do to the incident and cuurently anxiety and depression medication do to pstd issues. Plaintiff struggle to sleep at night, plaintiff constantly depression do to the plaintiff struggles with mental health plaintiff had to be 302 from the department of correction and admitted for 4 months.

44. Plaintiff continues to suffer from his injuries that occurred on october 4, 2018 Plaintiff shoulder still in pain unable to lift shoulder upper motion without experiencing any pain or can plaintiff lift heavy object plaitniff still suffer from intense bqack pain and cant bend over properly, Plaintiff still suffer intense pain to his wrist as a result of the incident.

45. Plaintiff continue to suffer and continue to severe physical pain and seeking counseling for emotional distress as a result of the defendant.

46. Upon information and belief all defendant knew or should have known about the seriousness of the plaintiff injuries and should have properly aided plaintiff while at distress unconscious and when the plaintiff was bleeding from multiple area defendant should properly treated him to appropriate medical care during the excessive force.

47. Specifically, Defendant did not take the proper precaution to make sure that plaintiff was safe and secure and seek proper medical aide while unconscious and plaintiff suffering numerous injuries.

48. Upon information and belief it was common for williamsport Bureu of police to get violent during and while arresting.

49. Upon information and belief Williamsport of burea of police is known to break policy and directive without being sanction.

50. Upon information and belief Defendant Synder, Cheif o f WBP are the decision makers regarding the aforesaid custom, policy and practice.

51. Upon information and belief Defendants broke policy and was not trained properly in this incident Chief Synder was made while aware of the inadequate training of the defendants. Cheif Synder chose against supervising the defendant properly each defendant have multiple complaints filed against them video, of williamsport burea of police breaking there policy and directive and Synder did nothing to stop he failed to provide adequate training.

52. Plaintiff charges was dismissed that defendant used as a cause to use excessive force, including Escape, Tampering with evidence, defendant gardner on use of force form indictated plaintiff attempted to steal evidence and escape with these charges being dismiss lack of evidence give the defendant no legal bases to apply excessive force.

53. Defendant Bell along Gardner made up false reports to justify there wrong doing Both defendant

Have to completely different version as to what happen during the use of force.

54. Plaintiff exhausted all his remedies and filed complaint reports with WBP results yet to be decided

55. Plaintiff is filing this complaint in a timely manner

## COUNT 1

### Excessive Force / Unauthorized Use of Force / Assault Battery

### Plaintiff V. Defendant Bell & Gardner

56. The above Paragraphs are incorporated herein by reference

57. Plaintiff incorporates by reference all prior paragraphs 1- 56 as if fully set forth at lenght herein

58. At the time defendant conducted Plaintiff had not committed under color of state law and were violation of plaintiff cleasrly established and well settled constitutional and other legal rights.

59. Defendant placed the plaintiff in fear of physical harm and contact and then physically harmed and contacted plaintiff without justication defendant than use additional force follow by initial force on plaintiff without justication plaintiff sufferred excessive force by their wrongful conduct all in violation of the fourth and fourtheenth amendment of the united states constitution actionable under and through 42 usc 1983 et seq and at common law.

60. WHEREFORE, For the foregoing reasons, Plaintiff respectfully demand judgement in plaintiff's favor and against defendant Bell and Gardner for Plaintiff damages in the amount of 1,000,000.00

## COUNT II

### Failing To Intervene

### Plaintiff V. Defendant Bell & Stevens & Mcgee

61. The above Paragraphs are incorporated herein by reference

62. Plaintiff incorporates by reference all prior paragraphs 1- 62 as if fully set forth at lenght herein

63. At the time defendant conducted Plaintiff had not committed under color of state law and were violation of plaintiff cleasrly established and well settled constitutional and other legal rights.

64. Defendant placed the plaintiff in even more fear by not stopping the assault while in engaging police officer have a duty to protect civilans and to stop another officers in the mist of criminal activites from civil and criminal liability or causing physical harm from the defendant conduct in not stopping plaintiff was severly hurt in the process by there wrongful conduct all in violation of the 4th and 14th and amendment of the united states constitution actionable under and through 42 usc 1983 et seq and common law.

65.. WHEREFORE, For the foregoing reasons, Plaintiff respectfully demand judgement in plaintiff's favor and against defendant Bell and Gardner for Plaintiff damages in the amount of 100,000.00

## Count III
## Negligence
### Plaintiff v. All Defendants

66. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

67. At all times material, Defendant breached their duty of care to Plaintiff acting negligently, recklessly, carelessly, and in the following regards Respectively
   A. Failing to properly provide a safe environment;
   B. Failing to protect the well beings of Plaintiff
   C. Failing to provide proper medical care;
   D. Other conduct that deviate from the applicable standards of care

68. As a direct and proximate result of defendant's negligence, Recklessness, Plaintiff suffered actual loss.

Wherefore, Plaintiff demands judgement in their favor and against Defendants individually, jointly and/or severally in an amount in excess of fifty thousand dollars ($50,000.00) including punitive damages and further relief as this Honorable Court deems necessary and just, including attorney's fees and cost. This is actionable through

42. USC § 1983 et seq.

## Count IV
## Municipal Liability / Monell
### Plaintiff v. Williamsport Burea of Police Lycoming County, Chief Synder.

69. The above paragraphs are hereby incorporated herein by reference

70. Prior to the events described herein, Defendant developed and maintained Policies, Practices, Procedures and customs exhibiting Deliberate indifference to the Constitutional Rights. Specifically, Defendant had a policy and failed adhere to them the defendant had precaution to keep the plaintiff safe and protected Defendant Did not follow policy while using excessive force and rendering Aide, These defendant Have multiple complaint in which Chief Synder disregarded, Chief Synder have a duty to make each defendant is properly trained in which He failed to provide adequate Traing and Supervision to subordinates amounting to deliberate indifference to the Rights of the Plaintiff.

70. Plaintiff suffered harm due to the defendant conduct.

WHEREFORE, Plaintiff demands judgement in their favor and against Defendant individually, jointly and/or severally in an amount in excess of fifty thousands dollars (50,000.00) including punitive damages And Further relief as this Honorable Court deems Necessary and just including attorney's fees and cost This is actionable through 42. U.S.C. § 1983 et Seq.

## Count 5
### Intentional and Negligent To infliction of Emotional Distress
### Plaintiff v. All defendants

71. The Above Paragrahs are incorporated herein by reference.

72. Defendants action caused the plaintiff serious mental Health issues, which the plaintiff is seeking counseling and is currently on pshy. Medication Due to the defendant conduct. From the Negligent of the defendant The plaintiff suffer depression and other issues concerning defendant conduct and showed deliberate indefference to Plaintiff.

73. Defendant caused Plaintiff to suffer Cruel and Unusual Punishment in violation of the 4 and 14th amendments of the United States Constitution, actionable Through 42 USC §198 et Seq.

WHEREFORE Plaintiff demands judgement in the favor and against Defendant individually, jointly and/or severally in amount in excess of Fiffty Thousands dollars (50,000.00) including punitive damages and Futher relief as this Honorable Court deem Necessary.

Respectfully submitted
Jabri Ivy NZ6224

Date: 8/17/23
10745 Route 18
Albion PA 16475

